IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 21-cv-01825-RM-KMT
      Consolidated with Civil Action No. 21-cv-02167-KMT

JEFFREY GILLES,

      Plaintiff,

v.

OCWEN LOAN SERVICING LLC, and
STANDARD GUARANTY INSURANCE COMPANY,

      Defendants.

---

## ORDER TO CONSOLIDATE

---

      This matter is before the Court on Defendant Standard Guaranty Insurance Company's ("Standard Guaranty") motion to consolidate related case, *Jeffrey Gilles v. Standard Guaranty Insurance Company and PHH Mortgage Corporation d/b/a PHH Mortgage Services*, Case No. 21-cv-2167-KMT, with the above-captioned matter for all purposes, pursuant to Fed. R. Civ. P. 42(a)(2). Defendant Ocwen Loan Servicing LLC ("Ocwen") (whose successor is PHH Mortgage Corporation) does not oppose the consolidation. Plaintiff opposes consolidation of the two cases for purposes of trial, but does not oppose consolidation of the two cases for purposes of discovery and other pre-trial matters, such as determination of issues arising out of appraisal. The Court finds no further briefing is required before ruling. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

      Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, in actions which involve "a common question of law or fact," the court may consolidate actions or issue any other orders

to avoid unnecessary cost or delay. Under this District's Local Rules, "[a] motion to consolidate…shall be decided by the district judge to whom the lowest numbered case is assigned." D.C.COLO.LCivR 42.1. Whether to consolidate is vested in the broad discretion of the district court. *American Employers' Ins. Co. v. King Res. Co.*, 545 F.2d 1265, 1269 (10th Cir. 1976).

Upon the Court's review of the two actions at issue, it finds they involve common questions of law or fact. Specifically, although the actions apparently relate to or arise from two separate insurance claims they seek coverage under the same policies of insurance which involve, among other things, appraisal issues. Both actions arise out of the parties' respective rights, duties, and obligations under the policies and the mortgage at issue. Thus consolidation of these two actions will promote judicial efficiency and avoid unnecessary costs and delays. *See Breaux v. Am. Fam. Mut. Ins. Co*., 220 F.R.D. 366, 367 (D. Colo. 2004) (Rule 42(a) gives "the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." (quotation marks and citation omitted)). Accordingly, the Court finds consolidation of the two actions for all purposes is appropriate. However, because the actions involve two separate hail claims, the consolidation is without prejudice to Plaintiff seeking, at a later time, a separate trial on the two cases. Such request may be made by motion where there is sufficient basis for support. It is therefore **ORDERED**

(1) That Defendant Standard Guaranty's Motion to Consolidate Related Action Pursuant to Fed. R. Civ. P. 42(a)(2) (ECF No. 54) is GRANTED as stated herein;

(2) That Civil Action No. 21-cv-02167-KMT is consolidated with this action (21-cv-1825-RM-KMT) for all purposes;

(3) That all papers in this consolidated action shall be filed in the lowest case number, No. 21-cv-01825-RM-KMT; and

(4) That this Order shall also be filed in Civil Action No. 21-cv-02167-KMT.

DATED this 25th day of August, 2021.

                                    BY THE COURT:

                                    RAYMOND P. MOORE
                                    United States District Judge